**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>THE BON MORRO, LLC, *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-12379-CJP<br>(Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I)
AUTHORIZING THE PAYMENT OF CERTAIN PREPETITION TAXES
AND FEES AND (II) GRANTING RELATED RELIEF
(EMERGENCY DETERMINATION REQUESTED)**

Debtors The Bon Morro, LLC ("Leasehold Owner"), The Bon Morro Holdings, LLC ("Holdings") and DMP Scape Boylston LLC ("DMP Scape" and, together with Leasehold Owner and Holdings, the "Debtors" and each separately a "Debtor"), by and through their undersigned counsel, hereby submit this Motion (this "Motion"), for entry of interim and final orders, attached hereto as **Exhibit A** and **Exhibit B** (respectively, the "Interim Order" and the "Final Order" and together, the "Orders"), (a) authorizing the Debtors to remit and pay certain prepetition taxes and fees that will become payable during the pendency of these Chapter 11 Cases and (b) granting related relief. In addition, the Debtors request that the Court (as defined below) schedule a final hearing within approximately thirty (30) calendar days after the commencement of these chapter 11 cases to consider entry of the Final Order. As set forth below, granting the Debtors the relief requested in the Motion is crucial to their ability to operate their businesses during these Chapter 11 Cases without interruption and to minimize the expense and burden on the Debtors' estates.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal identification number are: The Bon Morro, LLC (4030), The Bon Morro Holdings, LLC (5935), and DMP Scape Boylston LLC (4401).

13046856v2

Because the relief requested herein is necessary to enable the Debtors to maintain seamless business operations post-petition and avoid any potential disruption to its business, the Debtors seek the Court's determination of this Motion on an emergency basis pursuant to rule 9013-1(g) of the Local Bankruptcy Rules for the District of Massachusetts (the "MLBR").

In support of this Motion, the Debtors incorporate by reference the *Declaration of Stephen Gray in Support of First Day Motions* (the "Gray Declaration")[2], filed contemporaneously herewith. In further support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Massachusetts (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a), 363(b), 507(a)(8), and 1107 of title 11 of the Bankruptcy Code, and rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 4001-2 of the MLBR. **The Debtors seek emergency determination of this Motion pursuant to Rule 9013-1(g) of the MLBR.** For the reasons set forth below, absent emergency determination of the relief requested herein, any delay in the Debtors' ability to pay their taxes will impact the administration of the Chapter 11 Cases and cause them to be out of compliance with applicable laws and regulations, which will harm the value of the Debtors' assets.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Gray Declaration.

2

## INTRODUCTION

4. The Debtors own a ground leasehold interest in a mixed-use real estate project known as The Bon, located at 1260 Boylston Street in Boston, Massachusetts (the "Project"). The Project is subject to a ground lease (as amended, the "Ground Lease") in favor of Boylston Kenmore 1260, LLC (the "Landlord"). Construction of the Project was completed in 2022 and the single building consists of over four hundred residential apartment units throughout the upper levels of the building, plus seven (7) commercial units on the bottom floors of the building. The units in the building are roughly 95% leased.

5. On November 2, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Bon Morro, the direct owner of the Project, has designated its bankruptcy filing as a single asset real estate case as defined under section 101 (51B) of the Bankruptcy Code.

6. The Debtors are operating their business as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee, examiner, or official committee of unsecured creditors has been appointed.

7. More information about the Debtors and the events leading up to this Chapter 11 filing can be found in the Gray Declaration.

## THE DEBTORS' TAX AND FEE OBLIGATIONS

8. The Debtors incur property taxes as well as other business and regulatory fees (the "Taxes and Fees"). The Debtors remit the Taxes and Fees to various federal, state, and local governments, including taxing and licensing authorities (collectively, the "Authorities").

9. The Debtors pay property taxes to the City of Boston on a quarterly basis. As of the Petition Date the Debtors owed approximately $533,170.98 on account of Taxes and Fees, specifically second quarter property taxes owed to the City of Boston. The Debtors are unaware of

3

any other Taxes and Fees owed but seek the balance of relief in this Motion out of an abundance of caution. By this Motion, the Debtors seek authority to pay: (a) Taxes and Fees that accrue or are incurred postpetition; (b) prepetition Taxes and Fees in the approximate amount of $533,170.98; and (c) in accordance with the procedures set forth herein, prepetition Taxes and Fees that have not been identified and disclosed in this Motion.

### I. Procedures for Prepetition Taxes and Fees Identified and Determined During the Chapter 11 Cases

10. For prepetition Taxes and Fees the Debtors identify and determine during these Chapter 11 Cases, the Debtors propose the following notice and objection procedures. If the Debtors wish to pay one or more such Taxes and Fees, the Debtors will file and serve a notice setting forth the amounts and nature of such Taxes and Fees. Parties in interest will have 14 days to file and serve an objection to payment of such Taxes and Fees and must serve the objection upon: (a) proposed counsel to the Debtors; (b) the Office of the U.S. Trustee for the District of Massachusetts (the "U.S. Trustee"); and (c) counsel to any official committee appointed in these Chapter 11 Cases. If no objections are filed after 14 days, the Debtors will be authorized to pay such Taxes and Fees without further order from the Court. The Debtors believe that these procedures balance considerations for parties in interest to have notice and an opportunity to be heard with the Debtors' need to return to compliance on its Taxes and Fees, and limiting the cost and time that would be expended if the Debtors were to file formal motions with standard noticing procedures.

### BASIS FOR RELIEF

11. The Debtors believe that failing to pay the Taxes and Fees could materially disrupt the Debtors' business operations. Primarily, the Authorities could initiate audits, suspend operations, file liens, or seek to lift the automatic stay, which would unnecessarily divert the

4

Debtors' attention from the reorganization process. Further, unpaid Taxes and Fees may result in penalties, the accrual of interest, or both, which could negatively impact the Debtors' businesses or the reorganization process. In addition, certain unpaid Taxes and Fees will need to be paid as part of a plan of reorganization in these cases.

I. **Certain of the Taxes and Fees May Be Secured or Priority Claims Entitled to Special Treatment under the Bankruptcy Code.**

12. Claims for certain of the Taxes and Fees are or may be priority claims entitled to payment before general unsecured claims. *See* 11 U.S.C. § 507(a)(8) (describing taxes entitled to priority treatment). Moreover, to the extent that such amounts are entitled to priority treatment under the Bankruptcy Code, the respective Authorities may attempt to assess fees, interest, and penalties if such amounts are not paid. *See* 11 U.S.C. § 507(a)(8)(G) (granting eighth priority status to "a penalty related to a claim of a kind specified in this paragraph and in compensation for actual pecuniary loss."). Claims entitled to priority status pursuant to section 507(a)(8) of the Bankruptcy Code must be paid in full under a confirmable plan pursuant to section 1129(a)(9)(C) of the Bankruptcy Code. Therefore, payment of certain of the Taxes and Fees at this time only affects the timing of the payment for the amounts at issue and will not unduly prejudice the rights and recoveries of junior creditors.

II. **Payment of the Taxes and Fees Is a Sound Exercise of the Debtors' Business Judgment and Is Required by the U.S. Trustee.**

13. Courts have recognized that it is appropriate to authorize the payment of prepetition obligations where necessary to protect and preserve the estate, including an operating business's going-concern value. *See, e.g., In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) ("The ability of a Bankruptcy Court to authorize the payment of pre-petition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept."); *In re James*

5

*A. Phillips, Inc.*, 29 B.R. 391, 398 (S.D.N.Y. 1983); *In re Marsh Supermarkets Holding, LLC*, No. 17-11066 (BLS), 2017 Bankr. LEXIS 3991 (Bankr. D. Del. June 5, 2017). In doing so, these courts acknowledge that several legal theories rooted in sections 105(a), 363(b), and 1107(a) of the Bankruptcy Code support the payment of prepetition claims as provided herein.

14. Section 363(b) of the Bankruptcy Code permits a debtor, subject to court approval, to pay prepetition obligations where a sound business purpose exists for doing so. *See Ionosphere Clubs*, 98 B.R. at 175 (noting that section 363(b) provides "broad flexibility" to authorize a debtor to honor prepetition claims where supported by an appropriate business justification). Moreover, "[w]here the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." *In re Johns-Manville Corp.*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986); *see also In re Tower Air, Inc.*, 416 F.3d 229, 238 (3d Cir. 2005) (stating that "[o]vercoming the presumptions of the business judgment rule on the merits is a near-Herculean task.").

15. In addition, under section 1107(a) of the Bankruptcy Code, a debtor in possession has, among other things, the "implied duty . . . to 'protect and preserve the estate, including an operating business' going-concern value . . . ." *In re CEI Roofing, Inc.*, 315 B.R. 50, 59 (Bankr. N.D. Tex. 2004) (quoting *In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002)). Moreover, under section 105(a) of the Bankruptcy Code, "[t]he [C]ourt may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a); *In re CoServ, L.L.C.*, 273 B.R. at 497 (finding that sections 105 and 1107 of the Bankruptcy Code provide the authority for a debtor-in-possession to pay prepetition claims); *In re Mirant Corp.*, 296 B.R. 427, 429 (Bankr. N.D. Tex. 2003) (noting that non-payment of prepetition claims may seriously damage a debtor's business). The above-referenced sections

of the Bankruptcy Code therefore authorize the postpetition payment of prepetition claims when the payments are critical to preserving the going-concern value of the debtor's estate, as is the case here. *See, e.g., In re CoServ, L.L.C.*, 273 B.R. at 497 ("[I]t is only logical that the bankruptcy court be able to use [s]ection 105(a) of the [Bankruptcy] Code to authorize satisfaction of the prepetition claim in aid of preservation or enhancement of the estate."). Further, the U.S. Trustee requires that debtors pay all tax obligations arising after the filing of the petition in full when due. *See, e.g.*, U.S. Dep't of Just., Off. of United States Tr., Region 1 Guidelines for Debtors-in-Possession.

16. Here, the Debtors' ability to pay the Taxes and Fees is critical to their continued and uninterrupted operations. Any collection action on account of such claims, and any potential ensuing liability, would distract the Debtors and their personnel to the detriment of all parties in interest. The dedicated and active participation of the Debtors' personnel is integral to the Debtors' continued operations and essential to the orderly administration and, ultimately, the success of these Chapter 11 Cases.

17. Furthermore, the Debtors' obligation to pay the Taxes and Fees ultimately may result in increased tax liability for the Debtors if interest and penalties accrue on the Tax and Fee claims, which amounts may also be entitled to priority treatment. Such a result would be contrary to the best interests of the Debtors' estates and all stakeholders. As noted above, many of the Taxes and Fees may be entitled to priority status pursuant to section 507(a)(8)(C) of the Bankruptcy Code. As priority claims, these obligations must be paid in full before any general unsecured obligations of the Debtors may be satisfied. To the extent that the Debtors are not able to timely pay the prepetition Taxes and Fees, they ultimately may be required to pay those amounts with additional interest and penalties. The Debtors' failure to pay the prepetition Taxes and Fees as they come due may therefore increase the amount of priority claims held by the Authorities

against the Debtors' estates to the detriment of the Debtors' general unsecured creditors and the Debtors' ability to finalize a Chapter 11 plan during these cases. *See* 11 U.S.C. § 507(a)(8)(C), (G). Accordingly, the Court should grant the Debtors authority to pay the prepetition Taxes and Fees, if any, as provided herein.

18. Courts routinely approve relief similar to that requested herein. *See, e.g.*, *In re Heywood Healthcare, Inc., et. al.*, 23-40817 (EDK), [Docket No. 83] (Bankr. D. Mass. Oct. 6, 2023); *In re Wachusett Ventures, LLC*, Case No. 18-bk-11053 (FJB) (Bankr. D. Mass. Mar. 28, 2018) [Docket No. 65]; *In re MPM Silicones, LLC*, No. 14-bk-22503 (RDD) (Bankr. S.D.N.Y. May 16, 2014) [Docket No. 213]; *In re Sbarro LLC*, No. 14-bk-10557 (MG) (Bankr. S.D.N.Y. Apr. 7, 2014) [Docket No. 130].

**III. Cause Exists to Authorize the Debtors' Financial Institutions to Honor Checks and Electronic Fund Transfers.**

19. The Debtors have sufficient funds to pay the amounts described in this Motion in the ordinary course of business by virtue of expected cash flows from ongoing business operations and anticipated access to cash collateral. In addition, under the Debtors' existing cash management system, the Debtors can readily identify checks or wire transfer requests as relating to an authorized payment in respect of the Taxes and Fees. Accordingly, the Debtors believe that checks or wire transfer requests, other than those relating to authorized payments, will not be honored inadvertently. Therefore, the Debtors respectfully request that the Court authorize and direct all applicable financial institutions, when requested by the Debtors, to receive, process, honor, and pay any and all checks or wire transfer requests in respect of the relief requested in this motion.

**RESERVATION OF RIGHTS**

20. Nothing contained herein is intended or shall be construed as: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' or any

8

other party in interest's rights to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay a prepetition claims; (d) an implication or admission that any particular claim is of a type specified or defined in this motion or any order granting the relief requested by this motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

### WAIVER OF BANKRUPTCY RULE 6003, 6004(A) AND 6004(H)

21. To implement the foregoing successfully, the Debtors submit that they have satisfied the requirements of Bankruptcy Rule 6003, and respectfully request a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h). Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." As set forth above, the payments proposed herein are essential to prevent potentially irreparable damage to the Debtors' operations, value, and ability to reorganize. Accordingly, the Debtors submit that ample cause exists to justify a waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent it applies.

### NOTICE

22. Notice of this Motion has been provided to: (a) the Office of the United States Trustee for the District of Massachusetts, (b) the holders of the twenty (20) largest unsecured claims against the Debtors; (c) the Internal Revenue Service; (d) all parties which, to the best of the Debtors' knowledge, information and belief, have asserted or may assert a lien in the Debtors' assets, through counsel if known; (e) the Authorities; and (f) all other parties requesting service of

notices or pleadings pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. The Debtors submit that, in light of the nature of the relief requested, no other or further notice needs to be given.

## NO PRIOR REQUEST

23. No prior motion for the relief requested herein has been made to this or any other court.

13046856v2

**WHEREFORE**, the Debtors respectfully request that this Court enter the Interim Order, granting the relief requested herein and granting such other and further relief as is just and proper. In addition, the Debtors request that the Court schedule a final hearing within approximately thirty (30) calendar days after the commencement of these Chapter 11 Cases to consider entry of the Final Order.

Dated: November 3, 2025

/s/ *Douglas R. Gooding*
DOUGLAS R. GOODING (BBO # 558976)
M. HAMPTON FOUSHEE (BBO #708678)
**CHOATE HALL & STEWART LLP**
Two International Place
Boston, MA 02110
Telephone: (617) 248-5000
Email: dgooding@choate.com
hfoushee@choate.com

*Proposed Counsel to the Debtors*

## Exhibit A

**Proposed Interim Order**

13046856v2

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>THE BON MORRO, LLC, *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-12379-CJP<br>(Joint Administration Requested) |

**INTERIM ORDER (I) AUTHORIZING THE PAYMENT OF CERTAIN PREPETITION TAXES AND FEES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Interim Order"), (a) authorizing the Debtors to remit and pay prepetition Taxes and Fees, if any, and (b) granting related relief, all as more fully set forth in the Motion; and upon the Gray Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and that this Court may this order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal identification number are: The Bon Morro, LLC (4030), The Bon Morro Holdings, LLC (5935), and DMP Scape Boylston LLC (4401).

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

13046856v2

factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized, but not directed, on an interim basis, subject to entry of the Final Order to (a) pay or remit Taxes and Fees that arise or accrue in the ordinary course of business on a postpetition basis; (b) pursuant to the procedures set forth in the Motion, pay or remit the prepetition Taxes and Fees identified and determined during the pendency of these Chapter 11 Cases that accrued prior to the Petition Date and that are, or will become payable in the ordinary course during the pendency of these Chapter 11 Cases at such time when the Taxes and Fees are payable; and (c) pay or remit currently identified and determined prepetition Taxes and Fees, that accrued prior to the Petition Date and that are, or will become payable in the ordinary course during the pendency of these Chapter 11 Cases at such time when the Taxes and Fees are payable.

3. Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay a prepetition claims; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

4.      The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

5.      The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored because of these Chapter 11 Cases with respect to prepetition amounts owed in connection with any Taxes and Fees.

6.      The Debtors have satisfied the requirements of Bankruptcy Rule 6003.

7.      Notice of the Motion as provided therein will be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules for the District of Massachusetts are satisfied by such notice.

8.      The hearing on entry of the Final Order will be held on _____, 2025 at _____ (Eastern Time). Objections, if any, that relate to the Motion shall be filed and served so as to be actually received by the following parties on or before _____, 2025 at _____ (Eastern Time): (i) the Debtors, The Bon Morro, LLC, 31 St. James Avenue, Suite 740, Boston, MA 02116, Attn: Stephen Gray, Chief Restructuring Officer; (ii) proposed counsel to the Debtors, Choate, Hall & Stewart, LLP, 2 International Place, Boston, MA 02114, Attn: Douglas R. Gooding, (iii) counsel to any statutory committee appointed in these Chapter 11 Cases (if one has been appointed); and (iv) the Office of the United States Trustee. If no objections

3

are filed to the Motion, the Court may enter an order approving the relief requested in the Motion on a final basis without further notice or hearing.

9. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry, subject to final effectiveness upon entry of the Final Order.

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

11. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Dated: _____, 2025

UNITED STATES BANKRUPTCY JUDGE

4

13046856v2

## Exhibit B

**Proposed Final Order**

13046856v2

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>THE BON MORRO, LLC**,** *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-12379-CJP<br>(Joint Administration Requested) |

### FINAL ORDER (I) AUTHORIZING THE PAYMENT OF CERTAIN PREPETITION TAXES AND FEES AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Final Order"), (a) authorizing the Debtors to remit and pay prepetition Taxes and Fees, if any, and (b) granting related relief, all as more fully set forth in the Motion; and upon the Gray Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and that this Court may this order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal identification number are: The Bon Morro, LLC (4030), The Bon Morro Holdings, LLC (5935), and DMP Scape Boylston LLC (4401).

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

13046856v2

in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized, but not directed, to (a) pay or remit Taxes and Fees that arise or accrue in the ordinary course of business on a postpetition basis; (b) pursuant to the procedures set forth in the Motion, pay or remit the prepetition Taxes and Fees identified and determined during the pendency of these Chapter 11 Cases that accrued prior to the Petition Date and that are, or will become payable in the ordinary course during the pendency of these Chapter 11 Cases at such time when the Taxes and Fees are payable; and (c) pay or remit currently identified and determined prepetition Taxes and Fees, if any, that accrued prior to the Petition Date and that are, or will become payable in the ordinary course during the pendency of these Chapter 11 Cases at such time when the Taxes and Fees are payable.

3. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay a prepetition claims; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

2

13046856v2

4. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

5. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored because of these Chapter 11 Cases with respect to prepetition amounts owed in connection with any Taxes and Fees.

6. The Debtors have satisfied the requirements of Bankruptcy Rule 6003.

7. Notice of the Motion as provided therein will be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules for the District of Massachusetts are satisfied by such notice.

8. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

Dated: _____, 2025

UNITED STATES BANKRUPTCY JUDGE

13046856v2